UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**

SEP 24 2012



******************************************************

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 12-40108 |
| Plaintiff, | * | |
| vs. | * | REPORT AND RECOMMENDATION |
| | * | ON DEFENDANT'S CHANGE |
| PEDRO RAMOS GARCIA, | * | OF PLEA |
| a/k/a Israel Martinez Ramos, | * | |
| Defendant. | * | |

******************************************************

This matter came before the court for a change of plea hearing on Monday, September 24, 2012. The Defendant appeared in person and by his counsel, the Assistant Federal Public Defender, while the United States appeared by its Assistant United States Attorney.

The defendant consented in open court to the change of plea before a United States magistrate judge. The government also consented.

The defendant is charged in the Indictment with Illegal Reentry After Deportation in violation of 18 U.S.C. § 1326(a). At the hearing, the defendant was advised of the nature of the charge to which the defendant would plead guilty and the maximum penalties specifically applicable, namely, two (2) years imprisonment, a $250,000 fine, one (1) year of supervised release, one (1) additional year imprisonment if supervised release is revoked, and a $100 special assessment. Further, the defendant was advised he may be deported if found guilty of the charge.

Upon questioning the defendant personally in open court, it is the finding of the court that the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, and that his plea of guilty to the Indictment is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. Defendant's plea is therefore accepted and it is my recommendation that the defendant be adjudged guilty of that offense.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. *Thompson v. Nix,* 897 F.2d 356 (8th Cir. 1990); *Nash v. Black,* 781 F.2d 665 (8th Cir. 1986).

Dated this 24 day of September, 2012.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge